J-S87015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KERPER YENGLEE, | |
| Appellant | No. 1078 MDA 2016 |

Appeal from the PCRA Order May 24, 2016
in the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0003311-2001

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JANUARY 06, 2017**

Appellant, Kerper Yenglee, appeals, *pro se*, from the order of May 24, 2016, dismissing, without a hearing, his fifth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Because the petition is untimely without an applicable exception, we affirm.

We take the underlying facts and procedural history in this matter from our independent review of the certified record.  Appellant fatally shot a man on a street in Wilkes-Barre, Luzerne County, Pennsylvania in December 2000.  In March 2002, a jury convicted him of murder of the first degree, and the trial court immediately sentenced him to life in prison without the possibility of parole.  On December 2, 2003, this Court affirmed the

_____

[*] Retired Senior Judge assigned to the Superior Court.

judgment of sentence. (**See Commonwealth v. Yenglee**, 844 A.2d 1291 (Pa. Super. 2003) (unpublished memorandum)). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

Appellant filed PCRA petitions in 2004, 2006, 2009, and 2012. The PCRA court dismissed all the petitions, and this Court affirmed their dismissals on appeal.

On March 22, 2016, Appellant, acting *pro se*, filed the instant, fifth PCRA petition seeking to vacate his sentence pursuant to **Miller v. Alabama**, 132 S.Ct. 2455 (2012), which was held to be retroactive on state collateral review in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016). On April 14, 2016, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Appellant filed a response on May 9, 2016. On May 24, 2016, the PCRA court dismissed the petition as untimely. The instant, timely appeal followed.[1]

On appeal, Appellant raises the following question for our review:

1. Did the [PCRA] court err by dismissing the properly filed PCRA [p]etition without a hearing finding that relief was not warranted in accordance with **Miller**?

(Appellant's Brief, at 5).

_____

[1] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On July 26, 2016, it filed an opinion. **See** Pa.R.A.P. 1925(a).

Our standard of review for an order denying PCRA relief is well-settled:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. . . .

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).  However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition."  *Commonwealth v. Hutchins*, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

Here, Appellant filed his PCRA petition on March 22, 2016.  The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]"  42 Pa.C.S.A. § 9545(b)(1).  Appellant's judgment of sentence became final on January 2, 2004, thirty days after this Court affirmed the judgment of sentence and Appellant did not seek review with Pennsylvania Supreme Court.  *See* 42 Pa.C.S.A. § 9544(b)(3). Because Appellant did not file his current petition until March 22, 2016, the petition is facially untimely.  *See* 42 Pa.C.S.A. § 9545(b)(1).  Thus, he must plead and prove that he falls under one of the exceptions at Section 9545(b) of the PCRA.  *See id*.

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

In the instant matter, Appellant appears to contend that his petition is timely under Section 9545(b)(1)(iii), specifically that the United States Supreme Court's decisions in *Miller*, *supra* as made retroactive by *Montgomery*, *supra* made his sentence "unconstitutional because of his youth at the time of the offense rendered him categorically less culpable under *Miller*[.]" (Appellant's Brief, at 7). We disagree.

Appellant seeks relief pursuant to *Miller*, *supra*. In *Miller*, the United States Supreme Court held that it was unconstitutional to impose a

mandatory term of life in prison without possibility of parole on juvenile offenders. *See Miller*, *supra* at 2460. However, the record reflects that Appellant's date of birth is August 1, 1982. (*See* PCRA Court Opinion, 5/24/16, at 2). Thus, Appellant was over the age of eighteen when he committed the murder in December 2000. (*See id.*). This Court has specifically declined to extend the holding in *Miller* to non-juveniles. *See Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013). Therefore, we reject Appellant's contention that he is eligible for relief under *Miller*, and conclude that the PCRA court properly denied his serial PCRA petition.[2]

Thus, Appellant's PCRA petition is untimely with no statutory exception to the PCRA time-bar applying. *See Hutchins*, *supra* at 53. Accordingly, we affirm the order of the PCRA court.

---

[2] Moreover, we note that the fact that Appellant challenges the legality of his sentence does not allow him to evade the PCRA's timeliness requirements. In *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999), the Pennsylvania Supreme Court rejected this contention. The *Fahy* Court stated, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Fahy*, *supra* at 223 (citation omitted). Thus, Appellant cannot elude the PCRA's timeliness requirements based on a claim of an illegal sentence. *See id.*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/6/2017